# United States Court of Appeals
# for the District of Columbia Circuit

### No. 22-5277

END CITIZENS UNITED PAC,

*Plaintiff-Appellant,*

*v.*

FEDERAL ELECTION COMMISSION,

*Defendant-Appellee,*

NEW REPUBLICAN PAC,

*Intervenor-Appellee.*

_____

CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,

*Amicus Curiae for Appellant.*

*On Appeal from the United States District Court for the District of Columbia in No. 1:21-cv-02128-RJL, Honorable Richard J. Leon, U.S. Senior District Judge.*

## BRIEF OF *AMICUS CURIAE* CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING *EN BANC*

Stuart C. McPhail
smcphail@citizensforethics.org
Adam J. Rappaport
arappaport@citizensforethics.org

CITIZENS FOR RESPONSIBILITY AND
  ETHICS IN WASHINGTON
1331 F Street, N.W., Suite 900
Washington, D.C. 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020

*Counsel for Amicus Curiae*

February 27, 2024

# CERTIFICATE AS TO PARTIES, RULINGS UNDER REVIEW, AND RELATED CASES

All parties, intervenors, and amici appearing before the district court and in this Court are listed in the Petition for Rehearing En Banc.

References to the rulings at issue appear in the Petition for Rehearing En Banc.

Amicus is unaware of any related cases pending before this Court or in any other court.

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 29, and D.C. Circuit Rule 26.1, Citizens for Responsibility and Ethics in Washington ("CREW") submits its corporate disclosure statement.

(a) CREW has no parent company, and no publicly-held company has a ten percent or greater ownership interest in CREW.

(b) CREW is a non-profit, non-partisan corporation organized under section 501(c)(3) of the Internal Revenue Code. Through a combined approach of research, advocacy, public education, and litigation, CREW seeks to protect the rights of citizens to be informed about the activities of government officials and to ensure the integrity of those officials. Among its principal activities, CREW files complaints with the Federal Election Commission to ensure enforcement of federal campaign finance laws and to ensure its and voters' access to information about campaign financing to which CREW and voters are legally entitled. CREW disseminates, through its website and other media, information it learns in the process of those complaints to the wider public.

# TABLE OF CONTENTS

Certificate as to Parties, Rulings Under Review, and Related Cases ...................... i

Corporate Disclosure Statement ........................................................................... i

Table of Contents ................................................................................................ ii

Table of Authorities ........................................................................................... iii

Glossary ............................................................................................................... 1

Statement of Interest .......................................................................................... 1

Argument ............................................................................................................. 2

    I.    *CHGO* and *New Models* Rendered a Non-Majority of the FEC a "Law Unto [Them]sel[ves]" ............................................................... 2

        A.    Ignoring This Court's Orders ................................................. 4

        B.    Free Passes to Partisan Allies ................................................ 6

        C.    Abdicating Enforcement ......................................................... 9

    II.    Under *CHGO* and *New Models,* the FEC is an Agency like No Other ............................................................................................. 10

Certificate of Compliance .................................................................................. 15

Certificate of Service ........................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156 (1962)......................11

*Citizens United v. FEC*, 558 U.S. 310 (2010)...........................................................13

*CLC v. FEC*, 31 F.4th 781 (D.C. Cir. 2022)..............................................................10

*CLC v. FEC*, 89 F.4th 936 (D.C. Cir. 2024)..............................................................10

*Collins v. Yellen*, 141 S. Ct. 1761 (2021) ...............................................................12

*Common Cause of Ga. v. FEC*, No. 22-cv-3067 (DLF),
    2023 WL 6388883 (D.D.C. Sept. 29, 2023).......................................................10

*Common Cause v. FEC*, 842 F.2d 436 (D.C. Cir. 1988)............................................11

*CREW v. FEC ("CHGO II")*, 923 F.3d 1141 (D.C. Cir. 2019) ....................... 2, 3, 4

*CREW v. FEC ("CHGO")*, 892 F.3d 434 (D.C. Cir. 2018) .....................................2

*CREW v. FEC ("Crossroads")*, 971 F.3d 340 (D.C. Cir. 2020)..........................4, 5

*CREW v. FEC ("New Models II")*, 55 F.4th 918 (D.C. Cir. 2022)............ 1, 4, 6, 12

*CREW v. FEC ("New Models")*, 993 F.3d 880 (D.C. Cir. 2021) ............ 2, 6, 11, 12

*CREW v. FEC*, 209 F. Supp. 3d 77 (D.D.C. 2016).....................................................6

*CREW v. FEC*, 316 F. Supp. 3d 349 (D.D.C. 2018)...................................................5

*CREW v. FEC*, 363 F. Supp. 3d 33 (D.D.C. 2018).....................................................3

*ECU v. FEC*, 69 F.4th 916 (D.C. Cir. 2023) ...........................................................10

*ECU v. FEC*, 90 F.4th 1172 (D.C. Cir. 2024) ......................................................9, 10

*ECU v. FEC*, No. 21-cv-1665 (TKJ),
    2022 WL 1136062 (D.D.C. Apr. 18, 2022) .....................................................10

*Hagelin v. FEC*, 411 F.3d 237 (D.C. Cir. 2005)..........................................................7

*ICC v. Bhd of Locomotive Eng'rs*, 482 U.S. 270 (1987).........................................11

*Local 814, Int'l Bhd. of Teamsters v. NLRB*, 546 F.2d 989 (D.C. Cir. 1976).........11

*SE Promotions, Ltd. v. Conrad*, 420 U.S. 546 (1975).............................................13

*Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020)...................................................12

*Sorrell v. IMS Health, Inc.*, 564 U.S. 552 (2011)...................................................13

*Spann v. Colonial Vill.*, 899 F.2d 24 (D.C. Cir. 1990) .............................................4

*Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015)..................................12

**Statutes**

52 U.S.C. § 30106(a)(1)..........................................................................................12

52 U.S.C. § 30109(a)(8)(A) .....................................................................................11

**Other Authorities**

FEC, *Legislative History of FECA Amendments of 1976*, H.R. Rep. No. 94-917, 94th Cong., 2d Sess. 4 (1976)................................................................................3

FEC, *Legislative History of FECA Amendments of 1976*, *Statement of Hon. Dick Clark, Member, Subcomm. on Privileges and Elections* (Aug. 1977)..................3

*Policy Statement of Chairman Allen Dickerson et al. Concerning the Application of 52 U.S.C. § 30104(c)*, June 8, 2022....................................................................5

*Statement of Reasons of Commissioner Ellen L. Weintraub* 10 n. 45, MUR 6589R (AAN), Sept. 30, 2022..........................................................................................12

*Statement of Vice Chair Ellen L. Weintraub on the D.C. Circuit's Decision in CREW v. FEC* 1 (June 22, 2018) ..........................................................................2

## GLOSSARY

| | |
|---|---|
| CHGO | Commission on Hope, Growth, and Opportunity |
| CREW | Citizens for Responsibility and Ethics in Washington |
| FEC | Federal Election Commission |
| FECA | Federal Election Campaign Act |
| MUR | FEC's Matter Under Review |
| OGC | FEC Office of General Counsel |

## STATEMENT OF INTEREST[1]

CREW is a nonpartisan, section 501(c)(3) nonprofit corporation that seeks to combat corrupting influences in government and protect citizens' right to know the source of campaign contributions. CREW monitors FEC filings to ensure proper and complete disclosure as required by law and utilizes those filings to craft reports for public consumption. Where necessary, CREW seeks administrative and judicial relief for violations of the FECA. CREW, moreover, was the litigant in the decisions applied below to erroneously dismiss this case. CREW previously sought en banc review of those decisions, but the Circuit "evenly split" on the first petition

---

[1] No counsel for a party authored this brief in whole or in part or contributed money that was intended to fund preparing or submitting this brief, and no person other than CREW or its counsel contributed money that was intended to fund the preparation or submission of this brief.

1

and declined the second, with two judges abstaining. *CREW v. FEC ("New Models II")*, 55 F.4th 918, 918, 926 (D.C. Cir. 2022) (Millett, J., dissenting).

## ARGUMENT

En banc rehearing is warranted to reconsider both *CREW v. FEC ("New Models")*, 993 F.3d 880 (D.C. Cir. 2021) and *CREW v. FEC ("CHGO")*, 892 F.3d 434 (D.C. Cir. 2018). The divided panel in *CHGO* ignored precedent when it, *sua sponte*, conferred a "superpower" on a non-majority of the FEC "to kill any FEC enforcement matter, wholly immune from judicial review." *CREW v. FEC ("CHGO II")*, 923 F.3d 1141, 1150 (D.C. Cir. 2019) (Pillard, J., dissenting) (quoting *Statement of Vice Chair Ellen L. Weintraub on the D.C. Circuit's Decision in* CREW v. FEC 1 (June 22, 2018), https://go.usa.gov/xmWC2). That non-majority has used that superpower to ignore orders of this Court, to give free-passes to their partisan allies, and to slam the courthouse door shut on Americans' attempts to obtain disclosure. This en banc Court must act to restore the law as Congress enacted and as recognized in the numerous binding precedents of this Court and the Supreme Court.

## I. *CHGO* and *New Models* Rendered a Non-Majority of the FEC a "Law Unto [Them]sel[ves]"

As part of the "delicate balance" involved in campaign-finance enforcement, *CREW v. FEC*, 363 F. Supp. 3d 33, 43 (D.D.C. 2018) (*quoting* FEC, *Legislative*

2

*History of FECA Amendments of 1976* at 804, H.R. Rep. No. 94-917, 94th Cong., 2d Sess. 4 (1976), https://perma.cc/G23G-SQ7T ("Legislative History")), Congress organized the FEC to avoid partisan control over the agency. To avoid partisan-capture of the FEC through the Executive, "[Congress] made the Commission partisan balanced, allowing no more than three of the six Commissioners to belong to the same political party," *CHGO II*, 923 F.3d at 1143 (Pillard, J., dissenting), while "requir[ing] that all actions by the Commission occur on a bipartisan [majority] basis," *id.* at 1142 (Griffith, J., concurring); 52 U.S.C. § 30106(c). "That balance created a risk of partisan reluctance to apply the law," *id.* at 1143–44 (Pillard, J., dissenting), compounding the existent reluctance to enforce inherent in "a commission that is under the thumb of those who are to be regulated," Legislative History 72, *Statement of Hon. Dick Clark, Member, Subcomm. on Privileges and Elections* (Aug. 1977).

Accordingly, to prevent partisan-capture through gridlock, Congress included "a feature of many modern legislative programs," *Spann v. Colonial Vill.*, 899 F.2d 24, 30 (D.C. Cir. 1990); private litigation, subject to exhaustion through the FEC as "first arbiter," *CHGO II*, 923 F.3d at 1149 (Pillard, J., dissenting), with judicial review of the agency's dismissal of a complainant's "effort[s] to pursue [their] private right[s]," *New Models II,* 55 F.4th at 929 (Millett, J., dissenting).

*CHGO* and *New Models* obliterated this careful structure, making an unaccountable partisan non-majority of the FEC a "law unto [them]sel[ves]." *Id.* at 922.

### A. Ignoring This Court's Orders

The non-majority has used the superpower to ignore this Court's orders correcting their cramped interpretations of law that deprive Americans of their rightful disclosure. For example, before learning of their ability to terminate judicial review, a partisan-aligned non-majority bloc of FEC commissioners terminated a case involving contributor disclosures. *See CREW v. FEC ("Crossroads")*, 971 F.3d 340, 345–46 (D.C. Cir. 2020). In the subsequent legal challenge, the D.C. Circuit held the FECA "unambiguously requires" the disclosure the bloc had rejected. *Id.* at 354.

Rather than accept the correction of this Court, however, a non-majority bloc, now empowered by *CHGO* and *New Models*, unilaterally declared that they would not follow this Court's decision about the disclosure requirements of the FECA. *See Policy Statement of Chairman Allen Dickerson et al. Concerning the Application of 52 U.S.C. § 30104(c)*, June 8, 2022, https://perma.cc/74ZB-HMTN ("Policy Statement"). In justifying their decision, the bloc rejected the D.C. Circuit's conclusion the FECA was "unambiguous," stating it instead "fail[s] to

provide a definitive standard," *compare Crossroads*, 971 F.3d at 354, *with* Policy

Statement 1, relying on judicial authority this Court discarded as inapposite to

reimpose the narrow disclosure rule this Court had vacated, *compare Crossroads*,

971 F.3d at 353, *and CREW v. FEC*, 316 F. Supp. 3d 349, 401 n.43 (D.D.C. 2018),

*with* Policy Statement 5.

The non-majority assured regulated entities that they were free to ignore this

Court by invoking their new superpower—promising to "exercise the

Commission's prosecutorial discretion" to dismiss any complaints enforcing this

Court's decision and to cut off judicial review that might correct their inaction.

Policy Statement 6.

In another example, when a district court corrected the non-majority's

erroneous "lifetime spending" analysis in applying the FECA's political committee

rules because it ignored that an organization's "purpose can change," *CREW v.*

*FEC*, 209 F. Supp. 3d 77, 94 (D.D.C. 2016), the same non-majority simply applied

the same test again, but this time cited additional "prudential and discretionary

considerations" that immunized the already-declared erroneous analysis from

review, *New Models*, 993 F.3d at 886; *see also New Models II*, 55 F.4th at 924

(Millett, J., dissenting).

Under *CHGO* and *New Models*, a non-majority of the Commission is free to ignore any disfavored judicial decision, sheltering regulated parties from the law as recognized, and depriving Americans of the information to which they are entitled as declared by the courts.

## B. Free Passes to Partisan Allies

The Commission's bipartisan structure helps ensure it enforces campaign-finance laws impartially, regardless of party. That benefits voters across the ideological spectrum who want transparency into who is funding elections. Yet empowered with the ability to unilaterally cut-off judicial review, a partisan-aligned non-majority bloc hands out free passes to violate campaign finance laws to their partisan allies.

For example, since *CHGO*, former President Trump has enjoyed an uninterrupted line of victories over the recommendations of the non-partisan professional staff of OGC to investigate. In about two-thirds of those victories where an explanation was provided,[2] Mr. Trump's partisan allies on the Commission justified dismissal based on prudential factors like insufficient

---

[2] No justification was published in MURs 7094, 7096, 7098, 7339, 7350, 7351, 7357, 7382.

"agency resources."[3] In five remaining cases,[4] the same commissioners grounded

dismissal in the lack of evidence: a justification, even if reviewable, subject to only

"highly deferential" review. *Hagelin v. FEC*, 411 F.3d 237, 242 (D.C. Cir. 2005).

The non-majorities' concerns about resources do not extend to all

candidates. For example, the FEC fined the presidential campaign of Hilary

Clinton for "misreporting the purpose of certain disbursements." Conciliation

Agreement 1, MURs 7291, 7449 (DNC Serv. Corp.), Feb. 22, 2022,

https://eqs.fec.gov/eqsdocsMUR/7449_64.pdf. OGC's recommendations to

investigate the Trump campaign over similar reporting allegations met with a

deadlock, however, *see* Cert. MUR 7784 (MAGA PAC), May 10, 2022,

https://eqs.fec.gov/eqsdocsMUR/7784_32.pdf, which the commissioners justified

to preserve "investigatory resources," *Statement of Reasons of Chairman Allen J.

Dickerson et al.*, 12, MUR 7784 (MAGA PAC), June 9, 2022,

https://eqs.fec.gov/eqsdocsMUR/7784_42.pdf.

---

[3] *See* MURs 7135, 7207, 7268, 7274, 7623, 7220, 7265, 7266, 7313, 7319, 7379, 7324, 7332, 7364, 7366, 7340, 7609, 7425, 7784, 7609R. One might wonder why the agency's resource constraints is cause to *prevent* a private suit.
[4] *See* MURs 7558, 7560, 7621, 7968, 7969.

Similarly, while the FEC fined A360 Media, LLC for conspiring with Donald Trump to bury an embarrassing story, *see* Conciliation Agreement, MURs 7324, 7332, 7366 (Am. Media, Inc.), May 18, 2021, https://eqs.fec.gov/eqsdocsMUR/7324_26.pdf, it deadlocked on Mr. Trump's role in the conspiracy, *see* Certification, MURs 7324, 7332, 7364, 7366 (Am. Media, Inc.), Mar. 11, 2021, https://eqs.fec.gov/eqsdocsMUR/7324_20.pdf, with Mr. Trump's agency allies expressing concern about the expenditure of "enforcement resources," *Statement of Reasons of Vice Chair Allen Dickerson et al.* 5, MURs 7324, 7332, 7364, 7366 (Am. Media, Inc.), June 28, 2021, https://eqs.fec.gov/eqsdocsMUR/7324_33.pdf. In another example, while the Department of Justice successfully prosecuted one of Mr. Trump's co-conspirators, *Michael Cohen Pleads Guilty in Manhattan Federal Court to Eight Counts, Including Tax Evasion and Campaign Finance Violations*, U.S. Att'ys Office, Aug. 21, 2018, https://perma.cc/D2X6-L8XH, the FEC deadlocked on the same matter with respect to Mr. Trump, Cert., MURs 7313, 7319, 7379 (Michael Cohen), Feb. 23, 2021, https://eqs.fec.gov/eqsdocsMUR/7313_20.pdf, again justifying non-enforcement to preserve "resources," *Statement of Reasons of Commissioners Sean J. Cooksey et al.* 2, MURs 7313, 7319, 7379 (Michael Cohen), Apr. 26, 2021, https://eqs.fec.gov/eqsdocsMUR/7319_36.pdf.

Congress guarded against selective non-enforcement by permitting judicial review. Empowering commissioners to unilaterally cut off that review all but guarantees such abuses.

## C. Abdicating Enforcement

Blocking commissioners, moreover, "have routinely cited 'prosecutorial discretion' to stymie judicial scrutiny of apparently serious FECA violations." *ECU v. FEC*, 90 F.4th 1172, 1184 (D.C. Cir. 2024) (Pillared, J. concurring). Since *CHGO*, the non-majority routinely invokes its superpower to cut off judicial review where their unilateral block on enforcement would otherwise be subject to de novo review. An analysis by CREW revealed that the non-majority invoked discretion in about three-quarters of such matters.[5]

This number still understates the strategic use, however, as commissioners need not cut off judicial review where, for example, a plaintiff would likely have no standing or is otherwise unlikely to sue. *See, e.g.*, MUR 7243 (considering legality of foreign-national contribution). Rather, where judicial review is likely, they have almost always invoked discretion, as evidenced by the fact that they have done so for nearly every post-*CHGO* dismissal submitted to review, *see ECU*, 90 F.4th 1172; *CLC v. FEC*, 89 F.4th 936 (D.C. Cir. 2024); at least until this Court

---

[5] *See* Appendix A.

recently concluded that post-hoc statements cannot preclude review, *ECU v. FEC*, 69 F.4th 916, 923 (D.C. Cir. 2023) (*overruling ECU v. FEC*, No. 21-cv-1665 (TKJ), 2022 WL 1136062 (D.D.C. Apr. 18, 2022)).[6]

## II. Under *CHGO* and *New Models,* the FEC is an Agency like No Other

The wanton abuse of the powers conferred by *CHGO* and *New Models* underscores previous wisdom in the unanimous judgment of the judiciary that subjected the Commission's dismissals to judicial review. Petitioner sets out the conflict between those judgments and *CHGO* and *New Models*,[7] but the conflicts do not end there. *CHGO* and *New Models* rendered the FEC an agency unlike any other.[8]

---

[6] The exceptions are MUR 7894, at issue in *Common Cause of Ga. v. FEC*, No. 22-cv-3067 (DLF), 2023 WL 6388883 (D.D.C. Sept. 29, 2023), where the commissioners' analysis already enjoyed "factfinding deference" but was still found "factually and legally unreasonable," *id.* at *7, *9, and MUR 6940, at issue in *CLC v. FEC*, 31 F.4th 781 (D.C. Cir. 2022), which involved a presidential candidate from the opposite party of the deadlocking commissioners, underscoring the opportunity for partisan abuse. *CHGO* and *New Models* likely dissuade even more challenges.

[7] *See also* Br. of Election Law Scholars as *Amici Curiae* in Supp. of Appellant's Pet. For Reh'g En Banc, *CREW v. FEC*, No. 19-5161 (D.C. Cir. June 30, 2021), https://perma.cc/S9GV-DVT8.

[8] *See also* Br. of Professors of Admin. Law as *Amici Curiae* in Supp. of Pls.-Appellants, *CREW v. FEC*, No. 19-5161 (D.C. Cir. June 30, 2021), https://perma.cc/WUX7-Y4H6.

Unlike any other agency, where judicial review depends on the "formal action, rather than its discussion," *ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 281 (1987), *CHGO* and *New Models* render review dependent on FEC commissioners' "prose composition." *New Models*, 993 F.3d at 887, 894. Unlike any other agency, commissioners explaining the "deadlock vote" that "result[ed] in an order of dismissal," *Common Cause v. FEC*, 842 F.2d 436, 449 (D.C. Cir. 1988), may offer prudential justifications not "rational[ly] connect[ed] [to] … the choice made," *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962), to reject the complaint on the merits. Unlike any other agency, courts reviewing the FEC's "dismiss[al]" of a complaint, 52 U.S.C. § 30109(a)(8)(A), do not review a statement of all the "decisionmakers" involved in that vote, *Local 814, Int'l Bhd. of Teamsters v. NLRB*, 546 F.2d 989, 992 (D.C. Cir. 1976), but only a subset who are miscast as speaking as "the agency," *New Models*, 993 F.3d at 891.[9]

The FEC's processes under *CHGO* and *New Models* are similarly incongruous with the Constitution. In violation of the separation of powers, *CHGO*

---

[9] *CHGO* and *New Models* also relied on extra-record post-hoc explanations issued after the vote to close. *See Statement of Reasons of Commissioner Ellen L. Weintraub* 10 n. 45, MUR 6589R (AAN), Sept. 30, 2022, https://www.fec.gov/files/legal/murs/6589R/6589R_31.pdf.

and *New Models* hands a non-majority "a judicial-review kill switch," *New Models II*, 55 F.4th at 922 (Millett, J., dissenting), to "Article III courts['] supervisory authority" over the agency's adjudication of complainants' private rights of relief, *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678 (2015). Judicial supervision was essential to Congress's decision to insulate the Commission from presidential control, 52 U.S.C. § 30106(a)(1)—protecting against partisan control but also eliminating any "degree of electoral accountability," *Collins v. Yellen*, 141 S. Ct. 1761, 1784 (2021); *see also Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2203 (2020) ("[T]he lowest officers, the middle grade, and the highest" all "depend, as they ought, on the President, and the President on the community" (*quoting* 1 Annals of Cong. 499 (J. Madison)). Under *CHGO* and *New Models*, a partisan-aligned non-majority—accountable to *no one*—has total carte blanche over campaign laws.

That non-majority uses their "unbridled discretion" to censor speech they disfavor. *SE Promotions, Ltd. v. Conrad*, 420 U.S. 546, 553 (1975). By blocking enforcement, they often block disclosure, and thus deprive listeners and speakers of the "facts" that are "the beginning point for much of the speech that is most essential to advance human knowledge and to conduct human affairs." *Sorrell v. IMS Health, Inc.*, 564 U.S. 552, 570 (2011). That "necessarily reduces the quantity

of expression." *Citizens United v. FEC*, 558 U.S. 310, 339 (2010). Indeed, that is their stated goal. For example, the non-majority declared that a report about contributors made possible by a stunted FEC investigation was an "invasion of privacy," bemoaning their inability to prevent its publication. *Statement of Commissioners Allen J. Dickerson et al. Regarding the Commission's Newly Adopted Directive Concerning Investigations Conducted by the Office of General Counsel*, Nov. 2, 2023, https://perma.cc/HZS2-DHXV. The non-majority have cited this belief—that speech they disfavor concerning donors' influence over policy "infringe[s] on privacy of association"—to justify using their enforcement discretion to cut off disclosure and prevent that speech's creation. *Statement of Reasons of Vice-Chair Caroline C. Hunter et al.* 9, MUR 6872 (New Models), Dec. 20, 2017, https://eqs.fec.gov/eqsdocsMUR/17044435569.pdf.

The FEC under *CHGO* and *New Models* departs from the standards of administrative law and conflicts with the mandates of the Constitution. Prior precedent did not make this mistake. En banc review is necessary to restore the previous lawful system that Congress designed.

Dated: February 27, 2024

Respectfully submitted,

/s/ Stuart McPhail
Stuart C. McPhail
smcphail@citizensforethics.org
(D.C. Bar. No. 1032529)
Adam J. Rappaport
arappaport@citizensforethics.org
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
  in Washington
1331 K Street, N.W., Suite 900
Washington, D.C. 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020

*Attorneys for Citizens for Responsibility
  and Ethics in Washington*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 29(b)(4) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1):

   [ X ] this document contains 2,600 words, or

   [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14pt Times New Roman; or

   [    ] this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

Dated: Feb. 27, 2024          /s/ Stuart McPhail
                              Stuart C. McPhail
                              *Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, thereby serving all persons required to be served.

*/s/ Stuart McPhail*
Stuart C. McPhail
*Counsel for Amicus Curiae*

# APPENDIX

# APPENDIX

**Controlling Statement of Reasons' Invocation of Prosecutorial Discretion to Justify Non-Majority's Blocking Adoption of General Counsel's Recommendation Otherwise Subject to De Novo Review[1]**

| MUR # | Controlling Statement of Reasons | Language Invoking Discretion |
|---|---|---|
| 6334 | Statement of Reasons of Vice Chairman Matthew S. Petersen and Comm'r Caroline C. Hunter, MUR 6334 (Aristotle International, Inc.) (May 16, 2019), https://www.fec.gov/files/legal/murs/6334/6334_2.pdf | "… further pursuit of this matter would have been an unwise use of Commission resources." |
| 6596 | Statement of Reasons of Vice Chairman Matthew S. Petersen and Comm'r Caroline C. Hunter, MUR 6596 (Crossroads GPS) (May 13, 2019), https://eqs.fec.gov/eqsdocsMUR/6596_2.pdf | "…it would also be a proper exercise of the Commission's prosecutorial discretion to dismiss this matter so that Commission enforcement resources can be better allocated." |
| 6781 | Statement of Reasons of Vice Chairman Matthew S. Petersen and Comm'r Caroline C. Hunter, MURs 6781, 6786, 6802 (NRCC, et al.) (May 22, 2019), | "… it would have been imprudent to pursue enforcement of a regulation that the D.C. Circuit held was substantially likely to be constitutionally flawed." |

---

[1] CREW initially identified 133 MURs using the FEC's EQS database for which a statement of reasons issued after June 15, 2018, the date this Court issued its decision in CREW v. FEC ("CHGO"), 892 F.3d 434 (D.C. Cir. 2018), issued in matters in which half of the Commission rejected a recommendation of the General Counsel to move forward, either by finding reason to believe or probable cause to believe at least one violation. CREW then removed from that data set MURs where the controlling commissioners grounded their justification for dismissal in their assessment of the evidence, an analysis that could warrant highly deferential judicial review, *see Hagelin v. FEC*, 411 F.3d 237, 242 (D.C. Cir. 2005), providing a set of 94 matters. Of that, CREW identified 72, or about 77% of the 94, matters for which discretion was invoked to justify blocking enforcement.

1

| | | |
|---|---|---|
| | https://www.fec.gov/files/legal/murs/6786/6786_2.pdf | |
| 6786 | *See id.* (6781) | *See id.* (6781) |
| 6802 | *See id.* (6781) | *See id.* (6781) |
| 6792 | Statement of Reasons of Vice Chairman Matthew S. Petersen and Comm'r Caroline C. Hunter, MUR 6792 (Sean Eldridge, et al.) (Aug. 30, 2019), https://eqs.fec.gov/eqsdocsMUR/6792_1.pdf | "Under such circumstances, dismissal is appropriate so the Commission can focus resources on more significant matters." |
| 6940 | Statement of Reasons of Vice Chairman Matthew S. Petersen and Comm'r Caroline C. Hunter, MURs 6940, 7097, 7146, 7160, 7193 (Correct the Record, et al.) (August 21, 2019), https://www.fec.gov/files/legal/murs/6940/6940_1.pdf | N/A[2] |
| 7097 | *See id.* (6940) | N/A |
| 7146 | *See id.* (6940) | N/A |
| 7160 | *See id.* (6940) | "We therefore relied on our prosecutorial discretion to decline proceeding on the complaints in MURs 7160 and 7193…" |
| 7193 | *See id.* (6940) | *See id.* (7160) |
| 6968 | Statement of Reasons of Chair Caroline C. Hunter and Commissioner Matthew S. Petersen, MURs 6968, 6995, 7014, | "Proceeding in enforcement actions against respondents would be unfair to them, chill speech, and ultimately constitute |

[2] CREW lists these statements to provide the Court with the full data set from which CREW calculated the proportion of matters in which the commissioners were invoking discretion. This matter, and others denoted with "N/A" in the column providing language invoking discretion, are those in which half of the Commission blocked proceedings and did not base their analysis in matters potentially subject to highly deferential review, but the commissioners did not invoke discretionary grounds for their actions.

| | | |
|---|---|---|
| | 7017, 7019, 7090 (Tread Standard LLC, et al.) (July 2, 2018), https://eqs.fec.gov/eqsdocsMUR/6968_2.pdf | an ineffective use of Commission resources …" |
| 6995 | *See id.* (6968) | *See id.* (6968) |
| 7014 | *See id.* (6968) | *See id.* (6968) |
| 7017 | *See id.* (6968) | *See id.* (6968) |
| 7019 | *See id.* (6968) | *See id.* (6968) |
| 7090 | *See id.* (6968) | *See id.* (6968) |
| 6969 | Statement of Reasons of Chair Caroline C. Hunter and Comm'r Matthew S. Petersen, MURs 6969, 7031, 7034 (MMWP12 LLC, et al.) (Sept. 13, 2018), https://eqs.fec.gov/eqsdocsMUR/7031_2.pdf | "Proceeding in enforcement actions against respondents would be unfair to them, chill speech, and ultimately constitute an ineffective use of Commission resources ..." |
| 7031 | *See id* (6969) | *See id* (6969) |
| 7034 | *See id* (6969) | *See id* (6969) |
| 7094 | N/A[3] | N/A |
| 7096 | N/A | N/A |
| 7098 | N/A | N/A |
| 7147 | Statement of Reasons of Chairman Allen Dickerson and Comm'rs James E. "Trey" Trainor, III and Sean J. Cooksey, MUR 7147 (Make Am. Number 1, et al.) (April 11, 2022), https://www.fec.gov/files/legal/murs/7147/7147_54.pdf | "… we determined that our agency's enforcement resources would be best spent addressing other matters where the Commission had a realistic chance of vindicating the interests of the United States in a timely fashion." |
| 7180 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and | N/A |

[3] The commissioners blocking proceeding with the General Counsel's recommendation failed to issue a statement of reasons in this matter, and in other matters designated with an "N/A" in the column for controlling statements. It is possible the commissioners would have invoked discretion had they issued a statement. If they invoked discretion, then the proportion of pertinent statements invoking discretion would increase to more than six-sevenths.

| | | |
|---|---|---|
| | James E. "Trey" Trainor III, MUR 7180 (GEO Corrections Holdings, Inc., et al.) (October 13, 2021), https://www.fec.gov/files/legal/murs/7180/7180_39.pdf | |
| 7183 | Statement of Reasons of Vice Chairman Matthew S. Petersen and Comm'r Caroline C. Hunter, MUR 7183 (The Thornton Law Firm, et al.) (May 22, 2019), https://www.fec.gov/files/legal/murs/7183/7183_1.pdf | "… we decided that sinking additional agency resources into this matter would not advance the interests of either the public or the Commission." |
| 7207 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MURs 7207, 7268, 7274, 7623 (Russian Federation, et al.) (November 22, 2021), https://eqs.fec.gov/eqsdocsMUR/7207_48.pdf | "The Commission has long taken the view that it is an imprudent use of resources to duplicate other agencies' work ... In light of these considerations, the impending statute of limitations, and the press of other cases, we voted to dismiss these matters as an exercise of prosecutorial discretion." |
| 7268 | *See id.* (7207) | *See id.* (7207) |
| 7274 | *See id.* (7207) | *See id.* (7207) |
| 7623 | *See id.* (7207) | *See id.* (7207) |
| 7220 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7220 (Make America Great Again PAC, et al.) (September 21, 2021), https://eqs.fec.gov/eqsdocsMUR/7220_14.pdf | "In light of the Commission's other enforcement priorities and limited resources, we voted to dismiss all the allegations as a matter of prosecutorial discretion." |
| 7243 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor III, MUR 7243 (CITGO Petroleum Corporation, et al.) (April 1, 2021), | N/A |

| | | |
|---|---|---|
| | [https://www.fec.gov/files/legal/murs/7243/7243_20.pdf](https://www.fec.gov/files/legal/murs/7243/7243_20.pdf) | |
| 7265 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MURs 7265, 7266, (Donald J. Trump for President, Inc., et al.) (May 10, 2021), [https://www.fec.gov/files/legal/murs/7265/7265_12.pdf](https://www.fec.gov/files/legal/murs/7265/7265_12.pdf) | "… our agency's limited enforcement resources are better directed toward other investigations with better odds of success. … Considering the foregoing, three Commissioners declined to pursue this quixotic enforcement effort and instead voted to dismiss the complaints as a matter of prosecutorial discretion under *Heckler v. Chaney*." |
| 7266 | *See id.* (7265) | *See id.* (7265) |
| 7273 | Statement of Reasons of Chair Caroline C. Hunter and Comm'r Matthew S. Petersen, MUR 7273 (Robert J. Ritchie p/k/a Kid Rock, et al.) (November 20, 2018), [https://www.fec.gov/files/legal/murs/7273/7273_1.pdf](https://www.fec.gov/files/legal/murs/7273/7273_1.pdf) | "In light of the factual record of this matter, the considerations articulated in Heckler, and the First Amendment sensitivities at issue here, our votes constituted a proper exercise of the Commission's prosecutorial discretion." |
| 7299 | Statement of Reasons of Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7299 (Wexton for Congress, et al.) (April 14, 2022), [https://www.fec.gov/files/legal/murs/7299/7299_20.pdf](https://www.fec.gov/files/legal/murs/7299/7299_20.pdf) | N/A |
| 7313 | Statement of Reasons of Comm'rs Sean J. Cooksey and James E. "Trey" Trainor III, MURs 7313, 7319, 7379 (Michael Cohen, et al.) (April 26, 2021), [https://www.fec.gov/files/legal/murs/7313/7313_27.pdf](https://www.fec.gov/files/legal/murs/7313/7313_27.pdf) | "… the Commission was facing an extensive enforcement docket backlog resulting from a prolonged lack of a quorum, and these matters were already statute-of-limitations imperiled. These are precisely the prudential factors cited by the U.S. Supreme Court in *Heckler v. Chaney*, and why we voted to |

| | | |
|---|---|---|
| | | dismiss these matters as an exercise of our prosecutorial discretion." |
| 7319 | *See id.* (7313) | *See id.* (7313) |
| 7324 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MURs 7324, 7332, 7364, 7366 (Donald J. Trump for President, Inc., et al.) (June 28, 2021), https://www.fec.gov/files/legal/murs/7324/7324_33.pdf | "In choosing how to allocate the Commission's limited enforcement resources, we opted against pursuing the long odds of a successful enforcement in these matters and, with a noted exception, instead voted to dismiss as an exercise of prosecutorial discretion." |
| 7332 | *See id.* (7324) | *See id.* (7324) |
| 7364 | *See id.* (7324) | *See id.* (7324) |
| 7366 | *See id.* (7324) | *See id.* (7324) |
| 7330 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7330 (Mia Love, et al.) (October 27, 2021), https://www.fec.gov/files/legal/murs/7330/7330_16.pdf | "... moving forward on this matter, especially in light of how much time has passed since the events at issue, would be unfair and not the best use of Commission resources. Accordingly, we voted to dismiss this matter pursuant to *Heckler v. Chaney*." |
| 7337 | N/A | N/A |
| 7339 | N/A | N/A |
| 7340 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'r Sean J. Cooksey, MURs 7340, 7609 (Great America Committee, et al.) (June 25, 2021), https://www.fec.gov/files/legal/murs/7340/7340_56.pdf | "We disagreed and voted to dismiss under *Heckler v. Chaney*. ... the Commission's scarce resources would be best spent elsewhere." |
| 7609 | *See id.* (7340) | *See id.* (7340) |
| 7350 | N/A | N/A |
| 7351 | N/A | N/A |
| 7357 | N/A | N/A |

| | | |
|---|---|---|
| 7382 | N/A | N/A |
| 7370 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor III, MURs 7370, 7496 (New Republican PAC, et al.) (July 21, 2021), https://www.fec.gov/files/legal/murs/7370/7370_21.pdf | "... we were unable to justify the commitment of the Commission's scarce enforcement resources to such a lengthy and cumbersome investigation on the basis of such a thin evidentiary reed. Accordingly, … we invoked our prosecutorial discretion pursuant to *Heckler v. Chaney*." |
| 7496 | *See id.* (7370) | *See id.* (7370) |
| 7383 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7383 (Hughes for Congress, et al.) (September 21, 2021), https://www.fec.gov/files/legal/murs/7383/7383_14.pdf | "... we concluded that absent stronger evidence of a violation or a higher potential amount in violation, an investigation was not the best use of Commission resources…. Accordingly, we voted to dismiss this remaining allegation, and joined with two of our colleagues in voting to close the file." |
| 7422 | Statement of Reasons of Chair James E. "Trey" Trainor III, MUR 7422 (Greitens for Missouri) (August 28, 2020), https://www.fec.gov/files/legal/murs/7422/7422_83.pdf; Statement of Reasons of Chairman Allen J. Dickerson, MUR 7422 (Greitens for Missouri, et al.) (May 13, 2022), https://www.fec.gov/files/legal/murs/7422/7422_82.pdf | "I supported dismissing this matter on the grounds of prosecutorial discretion after weighing OGC's recommendations for moving forward against factors such as the looming statute of limitations and the best use of Commission resources"; "... I agreed with Commissioner Trainor that it was appropriate to dismiss it as an exercise of prosecutorial discretion under *Heckler v. Chaney*." |
| 7425 | Statement of Reasons of Chairman Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7425 | "In that position, we determined that our agency's enforcement resources would be best spent addressing other matters where |

| | | |
|---|---|---|
| | (Donald J. Trump Foundation, et al.) (February 22, 2022), https://www.fec.gov/files/legal/murs/7425/7425_42.pdf | the Commission had a realistic chance of vindicating the interests of the United States in a timely fashion…. For the foregoing reasons, we voted to dismiss this Matter." |
| 7464 | Statement of Reasons of Vice Chairman Sean J. Cooksey and Comm'rs Allen J. Dickerson and James E. "Trey" Trainor, III, MUR 7464 (LZP LLC, et al.) (July 7, 2023), https://www.fec.gov/files/legal/murs/7464/7464_90.pdf | "… we could not justify further pursuit of this Matter…. For the foregoing reasons, we declined to proceed with further enforcement consistent with our prosecutorial discretion." |
| 7465 | Statement of Reasons of Chairman Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7465 (Freedom Vote, Inc.) (March 7, 2022), https://www.fec.gov/files/legal/murs/7465/7465_40.pdf | "Considering … the Commission's limited resources, we voted against finding probable cause and voted to close the file on this Matter." |
| 7486 | Statement of Reasons of Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7486 (45Committee, Inc.) (August 30, 2022), https://www.fec.gov/files/legal/murs/7486/7486_16.pdf | "Our votes against proceeding were therefore based both on the merits and on the exercise of prosecutorial discretion. … Opening a new investigation in December 2021 over conduct that concluded in 2016 would have no chance of legal success and thus be a waste of agency resources." |
| 7502 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7502 (Utah Love PAC, et al.) (October 29, 2021), https://www.fec.gov/files/legal/murs/7502/7502_12.pdf | "… we could not justify the investment of further Commission resources pursuing this Matter. Accordingly, we elected to dismiss under *Heckler v. Chaney*." |

| 7507 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7507 (Aftab Pureval, et al.) (August 27, 2021), https://www.fec.gov/files/legal/murs/7507/7507_29.pdf | "Finally, dismissal of these allegations was warranted as an exercise of prosecutorial discretion .… Considering the Commission's other enforcement priorities and limited resources, a discretionary dismissal is equally appropriate to one based on lack of evidence." |
|---|---|---|
| 7516 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7516 (Heritage Action for America) (May 13, 2022), https://www.fec.gov/files/legal/murs/7516/7516_15.pdf | "We voted to dismiss, as an exercise of prosecutorial discretion, … [as] opening an investigation here would have only taken our attention, time, and resources away from resolving those matters." |
| 7528 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7528 (Yukon Kusko PAC, et al.) (November 1, 2021), https://www.fec.gov/files/legal/murs/7528/7528_23.pdf | "Finally, dismissal was called for in order to preserve agency resources and prioritize other enforcement cases. ... Assessing the facts available at this time, then, we voted to dismiss the allegations under *Heckler v. Chaney*." |
| 7530 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MURs 7530, 7627 (NRCC, et al.) (November 8, 2021), https://www.fec.gov/files/legal/murs/7530/7530_16.pdf | "In light of the Respondents' reasonable reliance on the Commission's past precedents on this issue, and because like cases should be treated alike, we voted to dismiss the Complaints in these matters pursuant to *Heckler v. Chaney*." |
| 7627 | *See id.* (7530) | *See id.* (7530) |
| 7575 | Statement of Reasons of Chairman Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MURs 7575, 7580, 7592, 7626 (Brand New Congress, et al.) (March 22, 2022), | "Rather than committing the Commission's limited resources to investigating allegations that lacked significant factual support and were imperiled by the statute |

9

| | | |
|---|---|---|
| | https://www.fec.gov/files/legal/murs/7575/7575_18.pdf | of limitations, we voted to dismiss." |
| 7580 | *See id.* (7575) | *See id.* (7575) |
| 7592 | *See id.* (7575) | *See id.* (7575) |
| 7626 | *See id.* (7575) | *See id.* (7575) |
| 7645 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MURs 7645, 7663, 7705 (Donald J. Trump, et al.) (August 31, 2022), https://www.fec.gov/files/legal/murs/7645/7645_21.pdf | N/A |
| 7663 | *See id.* (7645) | N/A |
| 7705 | *See id.* (7645) | N/A |
| 7646 | Statement of Reasons of Chairman Allen Dickerson and Comm'r James E. "Trey" Trainor, III, MUR 7646 (1820 PAC, et al.) (April 15, 2022), https://www.fec.gov/files/legal/murs/7646/7646_16.pdf | "… we voted to dismiss those allegations pursuant to the agency's prosecutorial discretion under *Heckler v. Chaney*." |
| 7657 | Statement of Reasons of Chairman Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7657 (IRL PAC, et al.) (March 22, 2022), https://www.fec.gov/files/legal/murs/7657/7657_16.pdf | N/A |
| 7666 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'r James E. "Trey" Trainor, III, MURs 7666, 7675, 7681, 7715 (Peters for Michigan, et al.) (April 12, 2022), https://www.fec.gov/files/legal/murs/7666/7666_24.pdf | "… , we also voted to dismiss the allegations against these entities as an exercise of the Commission's prosecutorial discretion pursuant to *Heckler v. Chaney*. |
| 7675 | *See id.* (7666) | *See id.* (7666) |

| | | |
|---|---|---|
| 7681 | *See id.* (7666) | *See id.* (7666) |
| 7715 | *See id.* (7666) | *See id.* (7666) |
| 7672 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MURs 7672, 7674, 7732 (Iowa Values Inc., et al.) (May 13, 2022), https://www.fec.gov/files/legal/murs/7672/7672_21.pdf | N/A |
| 7674 | *See id.* (7672) | N/A |
| 7696 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor III, MUR 7696 (Texans for Senator John Cornyn et al.) (May 18, 2021), https://www.fec.gov/files/legal/murs/7696/7696_26.pdf | "… we voted to dismiss as an exercise of our prosecutorial discretion." |
| 7717 | Statement of Reasons of Chairman Allen Dickerson and Comm'r James E. "Trey" Trainor, III, MUR 7717 (Theresa Greenfield for Iowa, et al.) (April 15, 2022), https://www.fec.gov/files/legal/murs/7717/7717_26.pdf | "Accordingly, as we have done elsewhere, we voted to dismiss the allegations against SMP pursuant to the Commission's prosecutorial discretion." |
| 7726 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7726 (David Brock, et al.) (May 13, 2022), https://www.fec.gov/files/legal/murs/7726/7726_19.pdf | N/A |
| 7754 | Statement of Reasons of Vice Chair Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7754 (Pacific Atlantic Action | "… this matter further warranted dismissal under *Heckler v. Chaney* to avoid wasting the Commission's limited prosecutorial resources …." |

| | | |
|---|---|---|
| | Coalition, et al.) (December 1, 2021), https://www.fec.gov/files/legal/murs/7754/7754_38.pdf | |
| 7759 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7759 (William Figlesthaler for Congress, et al.) (September 16, 2022), https://www.fec.gov/files/legal/murs/7759/7759_23.pdf | "... we did not believe that proceeding with enforcement in this matter would be likely to succeed, or, moreover, that an enforcement action would accord with the Commission's overall priorities. Accordingly, we voted to dismiss the allegations as to the Committee as an exercise of prosecutorial discretion, …." |
| 7776 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7776 (Unknown Respondent) (May 11, 2022), https://www.fec.gov/files/legal/murs/7776/7776_08.pdf | N/A |
| 7781 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'r James E. "Trey" Trainor, III, MUR 7781 (Fight for the American Dream PAC, et al.) (April 11, 2022), https://www.fec.gov/files/legal/murs/7781/7781_12.pdf | Accordingly, we voted to dismiss … pursuant to the Commission's authority under *Heckler*." |
| 7784 | Statement of Reasons of Chairman Allen J. Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7784 (Make America Great Again PAC, et al.) (June 9, 2022), https://www.fec.gov/files/legal/murs/7784/7784_42.pdf | "... we concluded that this matter did not warrant further use of the Commission's limited resources. Accordingly, we declined to find reason to believe that either Committee violated the Act and, instead, elected to dismiss this matter as an exercise of |

| | | |
|---|---|---|
| | | prosecutorial discretion under *Heckler*." |
| 7882 | Statement of Reasons of Chairman Allen Dickerson and Comm'rs Sean J. Cooksey and James E. "Trey" Trainor, III, MUR 7882 (Christy Smith for Congress, et al.) (May 17, 2022), https://www.fec.gov/files/legal/murs/7882/7882_09.pdf | "Because we concluded that civil enforcement would not be a wise use of Commission resources, we voted to invoke the agency's prosecutorial discretion and dismiss." |
| 7901 | Statement of Reasons of Vice Chairman Sean J. Cooksey and Comm'rs Allen J. Dickerson and James E. "Trey" Trainor, III, MUR 7901 (Ethan Owens, et al.) (January 18, 2023), https://www.fec.gov/files/legal/murs/7901/7901_29.pdf | "... we believed that the further use of Commission resources with respect to these allegations was unwarranted. Hence, pursuant to our prosecutorial discretion under *Heckler v. Chaney*, we voted to dismiss OGC's recommendations." |
| 7912 | Statement of Reasons of Vice Chairman Sean J. Cooksey and Comm'rs Allen J. Dickerson and James E. "Trey" Trainor, III, MUR 7912 (Senate Leadership Fund, et al.) (March 1, 2023), https://www.fec.gov/files/legal/murs/7912/7912_68.pdf | "Because we concluded that— even if the Commission's affiliation rules do apply to IEOPCs in the first instance— there was no clear notice to these Respondents or the regulated community at large, we voted to dismiss the allegations as a matter of prosecutorial discretion." |
| 8038 | Statement of Reasons of Comm'rs Allen J. Dickerson and James E. "Trey" Trainor, III, MUR 8038 (Angel Staffing, Inc., et al.) (July 3, 2023), https://www.fec.gov/files/legal/murs/8038/8038_15.pdf | "Accordingly, while we may decide differently under different facts, such as in an egregious or clear-cut case, we did not believe further pursuit of this matter to be a wise use of Commission resources and dismissed it pursuant to our prosecutorial discretion." |
| 8044 | Statement of Reasons of Chairman Sean J. Cooksey and Comm'rs Allen J. Dickerson and James E. | "... pursuit of that relatively minor violation did not merit the use of Commission resources. … |

| | | |
|---|---|---|
| | "Trey" Trainor, III, MUR 8044 (Taddeo for Congress, et al.) (January 17, 2024), https://www.fec.gov/files/legal/murs/8044/8044_16.pdf | we voted to dismiss that allegation in the exercise of prosecutorial discretion." |
| 8062 | Statement of Reasons of Vice Chairman Sean J. Cooksey and Comm'rs Allen J. Dickerson and James E. "Trey" Trainor, III, MUR 8062 (Andrew Gabarino, et al.) (September 13, 2023), https://www.fec.gov/files/legal/murs/8062/8062_14.pdf | "This lack of clarity creates significant risk for inconsistent and arbitrary enforcement against respondents, like Representative Garbarino, who are entitled to due process and fair notice about the limits of permissible conduct prior to civil enforcement—not after." |
| 6589R | Statement of Reasons of Commissioner Ellen L. Weintraub, MUR 6589R, (American Action Network) (September 30, 2022), https://www.fec.gov/files/legal/murs/6589R/6589R_31.pdf | N/A |
| 7609R | Statement of Reasons of Vice Chairman Sean J. Cooksey and Comm'r Allen Dickerson , MURs 7340, 7609R (Great America Committee) (November 1, 2023), https://www.fec.gov/files/legal/murs/7609R/7609R_17.pdf | "We disagreed and voted to dismiss under *Heckler v. Chaney*. ... we concluded the Commission's scarce resources would be best spent elsewhere." |