# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-5277                                      September Term, 2024

1:21-cv-02128-RJL

**Filed On:** October 15, 2024

End Citizens United PAC,

       Appellant

       v.

Federal Election Commission and New Republican PAC,

       Appellees

**BEFORE:** Srinivasan, Chief Judge; Henderson, Millett, Pillard, Wilkins, Katsas, Rao, Walker, Childs, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of appellant's petition for rehearing en banc, the responses thereto, the briefs of amici curiae, the Rule 28(j) letter and the responses thereto, and the vote in favor of the petition by a majority of the judges eligible to participate, it is

**ORDERED** that the petition be granted. This case will be reheard by the court sitting en banc. It is

**FURTHER ORDERED** that the court's judgment filed January 19, 2024, be vacated. It is

**FURTHER ORDERED** that oral argument before the en banc court be heard at 9:30 a.m. on Tuesday, February 25, 2025, in Courtroom 20. It is

**FURTHER ORDERED** that, in addition to filing briefs electronically, the parties file 30 paper copies of each of the briefs and the appendix, in accordance with the following schedule:

| | |
|---|---|
| Brief for Appellant | November 18, 2024 |
| Appendix | November 18, 2024 |
| Brief(s) for Amici Curiae in support of Appellant | November 25, 2024 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-5277**                                            **September Term, 2024**

| | |
|---|---|
| Briefs for Appellees | December 26, 2024 |
| Brief(s) for Amici Curiae in support of Appellees | January 2, 2025 |
| Reply Brief for Appellant | January 23, 2025 |

In addition to the issues raised in the petition for rehearing en banc, the parties are directed to address in their briefs whether *Orloski v. FEC* correctly held that an FEC decision can be "contrary to law" under 52 U.S.C. § 30109(a)(8)(C) "if the FEC's dismissal of the complaint . . . was arbitrary or capricious, or an abuse of discretion." 795 F.2d 156, 161 (D.C. Cir. 1986).

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. <u>See</u> Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. <u>See</u> D.C. Cir. Rule 28(a)(8).

Because the briefing schedule is keyed to the date of argument, the court will grant requests for extension of time limits only for extraordinarily compelling reasons.

A separate order will issue regarding allocation of oral argument time.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk