APPEAL,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:21–cv–02128–RJL</u>

| | |
|---|---|
| END CITIZENS UNITED PAC v. FEDERAL ELECTION COMMISSION | Date Filed: 08/09/2021 |
| Assigned to: Judge Richard J. Leon | Jury Demand: None |
| Cause: 05:551 Administrative Procedure Act | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**END CITIZENS UNITED PAC**             represented by  **Kevin P. Hancock**
                                                          CAMPAIGN LEGAL CENTER
                                                          1101 14th Street NW
                                                          Suite 400
                                                          Washington, DC 20005
                                                          202–736–2200
                                                          Fax: 202–736–2222
                                                          Email: <u>khancock@campaignlegalcenter.org</u>
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Adav Noti**
                                                          CAMPAIGN LEGAL CENTER
                                                          1101 14th Street, NW
                                                          Suite 400
                                                          Washington, DC 20005
                                                          (202) 736–2203
                                                          Fax: (202) 736–2222
                                                          Email: <u>anoti@campaignlegalcenter.org</u>
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FEDERAL ELECTION COMMISSION**

**Intervenor**

**NEW REPUBLICAN PAC**             represented by  **Jason Brett Torchinsky**
                                                    HOLTZMAN VOGEL PLLC
                                                    2300 N Street, NW
                                                    Suite 643a
                                                    Washington, DC 20037
                                                    202–737–8808
                                                    Email: <u>jtorchinsky@HoltzmanVogel.com</u>
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Phillip Michael Gordon**
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Highway
Haymarket, VA 20169
540–341–8808
Email: pgordon@holtzmanvogel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Clark Daines**
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341–8808
Fax: (540) 341–8809
Email: KDaines@HoltzmanVogel.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/09/2021 | 1 | | COMPLAINT against FEDERAL ELECTION COMMISSION ( Filing fee $ 402 receipt number ADCDC–8656337) filed by END CITIZENS UNITED PAC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet, # 5 FEC Summons, # 6 AG Summons, # 7 DC USAO Summons)(Noti, Adav) (Entered: 08/09/2021) |
| 08/09/2021 | 2 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by END CITIZENS UNITED PAC (Noti, Adav) (Entered: 08/09/2021) |
| 08/10/2021 | | | Case Assigned to Judge Richard J. Leon. (zsb) (Entered: 08/10/2021) |
| 08/11/2021 | 3 | | SUMMONS (3) Issued Electronically as to FEDERAL ELECTION COMMISSION, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(adh, ) (Entered: 08/11/2021) |
| 08/12/2021 | 4 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kevin Hancock, Filing fee $ 100, receipt number ADCDC–8663988. Fee Status: Fee Paid. by END CITIZENS UNITED PAC. (Attachments: # 1 K. Hancock PHV Declaration)(Noti, Adav) (Entered: 08/12/2021) |
| 08/17/2021 | | | MINUTE ORDER. Upon consideration of 4 Motion for Admission Pro Hac Vice of Kevin P. Hancock, it is hereby ORDERED that the motion is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Richard J. Leon on 08/17/2021. (lcrjl3) (Entered: 08/17/2021) |
| 08/17/2021 | 5 | | NOTICE of Appearance by Kevin P. Hancock on behalf of END CITIZENS UNITED PAC (Hancock, Kevin) (Entered: 08/17/2021) |
| 08/19/2021 | 6 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. FEDERAL ELECTION COMMISSION served on 8/19/2021 (Attachments: # 1 |

| | | |
|---|---|---|
| | | Completed proofs of service and USPS Delivery Confirmations)(Noti, Adav) (Entered: 08/19/2021) |
| 08/19/2021 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 8/19/2021. (Attachments: # 1 Completed proofs of service and USPS Delivery Confirmations)(Noti, Adav) (Entered: 08/19/2021) |
| 08/19/2021 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 8/19/2021. Answer due for ALL FEDERAL DEFENDANTS by 10/18/2021. (Attachments: # 1 Completed proofs of service and USPS Delivery Confirmations)(Noti, Adav) (Entered: 08/19/2021) |
| 10/15/2021 | 9 | MOTION to Intervene by New Republican PAC. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Text of Proposed Order Proposed Order, # 12 Proposed Motion to Dismiss, # 13 Proposed Answer, # 14 Corporate Disclosure Statement)(Torchinsky, Jason) (Entered: 10/15/2021) |
| 10/18/2021 | 10 | STANDING ORDER. Signed by Judge Richard J. Leon on 10/18/2021. (lcrjl3) (Entered: 10/18/2021) |
| 10/19/2021 | 11 | AFFIDAVIT FOR DEFAULT by END CITIZENS UNITED PAC. (Hancock, Kevin) (Entered: 10/19/2021) |
| 11/02/2021 | | MINUTE ORDER. Upon consideration of New Republican PAC's 9 Motion to Intervene as Defendant, it is hereby ORDERED that the motion is GRANTED. New Republican PAC has standing and has satisfied the requirements to intervene as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2); accord Crossroads Grassroots Pol'y Strategies v. FEC, 788 F.3d 312 (D.C. Cir. 2015). The Clerk is directed to file defendant–intervenor's [9–12] Motion to Dismiss, [9–13] Answer, and [9–14] Corporate Disclosure Statement. SO ORDERED. Signed by Judge Richard J. Leon on 11/02/2021. (lcrjl3) (Entered: 11/02/2021) |
| 11/02/2021 | 12 | Clerk's ENTRY OF DEFAULT as to FEDERAL ELECTION COMMISSION (znmw) (Entered: 11/02/2021) |
| 11/02/2021 | 14 | MOTION to Dismiss by NEW REPUBLICAN PAC. (zjf) (Entered: 11/05/2021) |
| 11/02/2021 | 15 | ANSWER to Complaint by NEW REPUBLICAN PAC.(zjf) (Entered: 11/05/2021) |
| 11/02/2021 | 16 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests NONE by NEW REPUBLICAN PAC (zjf) (Entered: 11/05/2021) |
| 11/05/2021 | 13 | ENTERED IN ERROR.....Clerk's ENTRY OF DEFAULT as to FEDERAL ELECTION COMMISSION (zjf) Modified on 11/5/2021 (zjf). (Entered: 11/05/2021) |
| 11/09/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 13 Clerk's Entry of Default was entered in error as duplicate to DE# 12 (zjf) (Entered: 11/09/2021) |

| 11/11/2021 | 17 | | NOTICE of Appearance by Phillip Michael Gordon on behalf of NEW REPUBLICAN PAC (Gordon, Phillip) (Entered: 11/11/2021) |
|---|---|---|---|
| 11/12/2021 | 18 | | MEET AND CONFER STATEMENT. (Hancock, Kevin) (Entered: 11/12/2021) |
| 11/12/2021 | | | MINUTE ORDER. Upon consideration of the parties' 18 Joint Meet and Confer Statement, it is hereby ORDERED that (1) defendant–intervenor's pending 14 motion to dismiss shall be HELD IN ABEYANCE, (2) defendant Federal Election Commission ("FEC") shall (a) file a certified list of the contents of the administrative record of Matters Under Review 7370 and 7496 (New Republican PAC, et al.), and (b) produce the certified contents of the administrative record, in electronic format, to the parties herein within 30 days, (3) within 14 days after the FEC either complies or fails to comply with the foregoing, (a) defendant–intervenor shall file its motion to dismiss, modified if appropriate, and (b) plaintiff shall file any dispositive motion, and (4) briefing on defendant–intervenor's motion to dismiss and plaintiff's dispositive motion shall otherwise proceed in accordance with this Court's Local Rules. SO ORDERED. Signed by Judge Richard J. Leon on 11/12/2021. (lcrjl3) (Entered: 11/12/2021) |
| 12/13/2021 | 19 | | NOTICE *of Filing* by FEDERAL ELECTION COMMISSION (Attachments: # 1 Certified List of Administrative Record Documents in Matters Under Review 7370 and 7496)(Mueller, Gregory) (Entered: 12/13/2021) |
| 12/22/2021 | 20 | | Unopposed MOTION for Extension of Time to File Response/Reply by END CITIZENS UNITED PAC. (Attachments: # 1 Text of Proposed Order)(Hancock, Kevin) (Entered: 12/22/2021) |
| 12/22/2021 | | | MINUTE ORDER. Upon consideration of plaintiff's 20 Unopposed Motion to Extend the Time for Filing Opposition and Reply Briefs In Support of the Parties' Dispositive Motions, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that plaintiff and defendant–intervenor shall file their respective opposition briefs on or before January 18, 2022. It is further ORDERED that plaintiff and defendant–intervenor shall file their respective reply briefs in support of their dispositive motions on or before January 25, 2022. SO ORDERED. Signed by Judge Richard J. Leon on 12/22/2021. (lcrjl3) (Entered: 12/22/2021) |
| 12/22/2021 | | | Set/Reset Deadlines: Plaintiff And Defendant–Intervenor Opposition Briefs due by 1/18/2022.Plaintiff And Defendant–Intervenor Reply briefs In Support Of Dispositive Motions due by 1/25/2022. (mac) Modified on 12/22/2021 (zmac). (Entered: 12/22/2021) |
| 12/27/2021 | 21 | | ENTERED IN ERROR.....MOTION to Dismiss by NEW REPUBLICAN PAC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Torchinsky, Jason) Modified on 12/28/2021 (zjf). (Entered: 12/27/2021) |
| 12/27/2021 | 22 | | MOTION to Dismiss *Corrected* by NEW REPUBLICAN PAC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Torchinsky, Jason) Modified on 12/28/2021 to remove Consent at the request of counsel (zjf). (Entered: 12/27/2021) |
| 12/27/2021 | 23 | | MOTION for Default Judgment as to *Defendant Federal Election Commission*, MOTION for Summary Judgment by END CITIZENS UNITED PAC. (Attachments: # 1 Declaration of Tiffany Muller, # 2 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Hancock, Kevin) (Entered: 12/27/2021) |
| 12/28/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 21 MOTION to Dismiss was entered in error and counsel has refiled a corrected version. (See Docket Entry 22 to view document) (zjf) (Entered: 12/28/2021) |
| 01/18/2022 | 24 | NOTICE *of Filing Corrected Declaration* by END CITIZENS UNITED PAC re 23 MOTION for Default Judgment as to *Defendant Federal Election Commission* MOTION for Summary Judgment (Attachments: # 1 Declaration of Tiffany Muller (corrected))(Hancock, Kevin) (Entered: 01/18/2022) |
| 01/18/2022 | 25 | Memorandum in opposition to re 22 MOTION to Dismiss *Corrected* filed by END CITIZENS UNITED PAC. (Hancock, Kevin) (Entered: 01/18/2022) |
| 01/18/2022 | 26 | Memorandum in opposition to re 23 MOTION for Default Judgment as to *Defendant Federal Election Commission* MOTION for Summary Judgment filed by NEW REPUBLICAN PAC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Torchinsky, Jason) (Entered: 01/18/2022) |
| 01/18/2022 | 27 | Cross MOTION for Summary Judgment by NEW REPUBLICAN PAC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Torchinsky, Jason) (Entered: 01/18/2022) |
| 01/25/2022 | 28 | NOTICE of Appearance by Kenneth Clark Daines on behalf of NEW REPUBLICAN PAC (Daines, Kenneth) (Main Document 28 replaced on 1/26/2022) (zjf). (Entered: 01/25/2022) |
| 01/25/2022 | 29 | REPLY to opposition to motion re 22 MOTION to Dismiss *Corrected* filed by NEW REPUBLICAN PAC. (Torchinsky, Jason) (Entered: 01/25/2022) |
| 01/25/2022 | 30 | REPLY to opposition to motion re 23 MOTION for Default Judgment as to *Defendant Federal Election Commission* MOTION for Summary Judgment filed by END CITIZENS UNITED PAC. (Hancock, Kevin) (Entered: 01/25/2022) |
| 01/25/2022 | 31 | Memorandum in opposition to re 27 Cross MOTION for Summary Judgment filed by END CITIZENS UNITED PAC. (Hancock, Kevin) (Entered: 01/25/2022) |
| 02/01/2022 | 32 | REPLY to opposition re 27 Cross MOTION for Summary Judgment filed by NEW REPUBLICAN PAC. (Torchinsky, Jason) Modified on 2/2/2022 to correct docket link (zjf). (Entered: 02/01/2022) |
| 02/14/2022 | 33 | JOINT APPENDIX *pursuant to LCvR 7(n)(2)* by END CITIZENS UNITED PAC. (Hancock, Kevin) (Entered: 02/14/2022) |
| 04/26/2022 | 34 | NOTICE OF SUPPLEMENTAL AUTHORITY by END CITIZENS UNITED PAC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Hancock, Kevin) (Entered: 04/26/2022) |
| 05/09/2022 | 35 | RESPONSE re 34 NOTICE OF SUPPLEMENTAL AUTHORITY filed by NEW REPUBLICAN PAC. (Torchinsky, Jason) Modified on 5/10/2022 to correct docket text(zjf). (Entered: 05/09/2022) |
| 09/16/2022 | 36 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 9/16/2022. (lcrjl3) (Entered: 09/16/2022) |
| 09/16/2022 | 37 | |

| | | | |
|---|---|---|---|
| | | | ORDER. See attached Order for details. Signed by Judge Richard J. Leon on 9/16/2022. (lcrjl3) (Entered: 09/16/2022) |
| 10/17/2022 | 38 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 37 Order, 36 Order on Motion to Dismiss,, Order on Motion for Default Judgment, Order on Motion for Summary Judgment, by END CITIZENS UNITED PAC. Filing fee $ 505, receipt number ADCDC–9603964. Fee Status: Fee Paid. Parties have been notified. (Hancock, Kevin) (Entered: 10/17/2022) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

END CITIZENS UNITED PAC,

        Plaintiff,

        v.

FEDERAL ELECTION COMMISSION,

        Defendant,

and

NEW REPUBLICAN PAC,

        Defendant-Intervenor.

Case No. 1:21-cv-2128-RJL

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff End Citizens United PAC appeals to the United States Court of Appeals for the District of Columbia Circuit from this Court's Memorandum Opinion and Order (ECF Nos. 36, 37) entered September 16, 2022, granting Defendant-Intervenor New Republican PAC's Cross-Motion for Summary Judgment and denying Plaintiff End Citizens United PAC's Motion for Default Judgment, or, in the Alternative, for Summary Judgment.

Dated: October 17, 2022

Respectfully submitted,

/s/ *Kevin P. Hancock*
Adav Noti (D.C. Bar No. 490714)
Kevin P. Hancock* (D.C. Bar No. 90000011)
CAMPAIGN LEGAL CENTER ACTION
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
anoti@campaignlegalcenter.org
khancock@campaignlegalcenter.org

*Counsel for Plaintiff End Citizens United PAC*

*\* Admitted pro hac vice. Application for admission to the bar of this District pending.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **END CITIZENS UNITED PAC,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 21-2128 (RJL)** |
| | ) | |
| **FEDERAL ELECTION COMMISSION,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NEW REPUBLIC PAC,** | ) | |
| | ) | |
| **Defendant-Intervenor-.** | ) | |

## MEMORANDUM OPINION
September ___ 2022 [Dkts. ## 14, 22, 23, 27]

In 2018, plaintiff End Citizens United ("ECU") filed two administrative complaints with the Federal Election Commission ("FEC" or "Commission") alleging federal campaign finance violations by New Republican PAC ("NRP") and Senator Rick Scott of Florida. An equally divided FEC dismissed those complaints, and ECU sued to vacate that decision. After the FEC failed to appear in this case, I granted NRP leave to intervene to defend the Commission's action. Now pending are NRP's motion to dismiss, ECU's motion for default judgment or summary judgment, and NRP's cross-motion for summary judgment. NRP is entitled to summary judgment because the FEC's dismissal of ECU's first complaint was an unreviewable exercise of prosecutorial discretion and its dismissal

of ECU's second complaint was reasonable. Therefore, I will **GRANT** NRP's cross-motion for summary judgment [Dkt. # 27], **DENY** ECU's motion for default or summary judgment [Dkt. # 23], and **DENY AS MOOT** NRP's motion to dismiss [Dkts. # 14, 22].

## BACKGROUND

### I.    Regulatory scheme

Congress enacted the Federal Election Campaign Act of 1971 ("FECA" or the "Act") "to limit spending in federal election campaigns and to eliminate the actual or perceived pernicious influence over candidates for elective office that wealthy individuals or corporations could achieve by financing the 'political warchests' of those candidates." *Orloski v. FEC,* 795 F.2d 156, 163 (D.C. Cir. 1986) (quotations and citations omitted). The Act also created the FEC, which exercises jurisdiction over FECA and its implementing regulations. 52 U.S.C. § 30106.

To accomplish those goals, FECA imposes requirements on candidates for federal office. As an initial matter, and as relevant in this case, the question of whether a specific individual is a "candidate for federal office" can be difficult and fact-intensive to resolve. While an individual becomes subject to the Act's registration and reporting requirements upon raising or expending $5,000 in pursuit of federal office, there is no bright-line rule to determine whether a person who has not met either condition has actually "become" a candidate for federal office. Instead, the FEC has promulgated a non-exhaustive list of "activities that indicate that an individual has decided to become a candidate." 11 C.F.R. § 100.72(b). These activities include activities like "us[ing] general public political

2

advertising to publicize his or her intention to campaign for Federal office," *id.* § 100.72(b)(1), "rais[ing] funds in excess of what could reasonably be expected to be used for exploratory activities or undertak[ing] activities designed to amass campaign funds that would be spent after he or she becomes a candidate," *id.* § 100.72(b)(2), and "conduct[ing] activities in close proximity to the election or over a protracted period of time," *id.* § 100.72(b)(5).

A person who either declares or qualifies as a candidate incurs a series of obligations under FECA. First, the Act requires each candidate for political office to register a political committee supporting the candidate with the FEC within 15 days of becoming a candidate. 52 U.S.C. § 30102(e)(1). That political committee, in turn, must file a Statement of Organization with the FEC within ten days of its organization, *id.* § 30103(a), and file regular financial disclosures with the Commission disclosing donations to and expenditures incurred by the campaign, *id.* § 30104(a). Further, each federal officer or candidate, as well as those acting on their behalf, is prohibited from "solicit[ing], receiv[ing], direct[ing], transfer[ing], or spend[ing] funds in connection with an election for Federal office, . . . unless the funds are subject to the limitations, prohibitions, and reporting requirements of [the] Act." *Id.* § 30125(e)(1)(A).

Independent, expenditure-only political committees, or "super PACs," are subject to a complementary regulatory regime. While super PACs are not subject to the same caps limiting the total amount of money they can raise from any individual contributor, they must be "independent"; that is, super PACs are barred from contributing to candidates or their political committees. *Id.* §§ 30116(a)(1); 30118(a). Nor may a candidate, political

committee, or those acting on their behalf accept a "contribution" from a super PAC. *Id.*
§§ 30116(f); 30118(a). One such prohibited contribution is a "coordinated expenditure,"
defined as an expenditure made "in cooperation, consultation, or concert, with, or at the
request or suggestion of" a candidate, political candidate, or their agents. *Id.*
§ 30116(a)(7)(B)(i); *see also* 11 C.F.R. § 109.21(b).

Any person may file a complaint with the FEC alleging a violation of the Act. 52
U.S.C. § 30109(a)(1). The Commission reviews a complaint and any response provided
by the respondent before voting whether to find "reason to believe" a violation has occurred
and authorize an investigation. *Id.* § 30109(a)(2). The FEC's general counsel may
recommend whether, in the opinion of the staff, an investigation is warranted, *id.* § 30109
(a)(3), but the Commission can only act if at least four of the six commissioners vote to
take that step, *id.* §§ 30109(a)(2), 30109(a)(5)(C), 30109(a)(6)(A). The FEC does not
proceed on a deadlocked, 3-3 vote. In those cases, the Commissioners who voted against
enforcement are required to file a Statement of Reasons explaining the basis for their, and
by extension the FEC's, decision. *DCCC v. FEC*, 831 F.2d 1131, 1134 n.3 (D.C. Cir.
1988). This Statement of Reasons is the basis on which a reviewing court assesses the
FEC's dismissal of the complaint. *Common Cause v. FEC*, 842 F.2d 436, 449 (D.C. Cir.
1988).

## II.   Procedural background

ECU is a Democratic political action committee ("PAC"), Compl. [Dkt. # 1] ¶ 15,
and NRP is a Republican super PAC, FEC First General Counsel's Report ("First OGC
Rep."), Joint Appendix [Dkt. # 33] ("J.A.") at 97. Both are active in federal elections in

4

Florida. Compl. ¶¶ 16–18. Then-Governor Rick Scott chaired NRP from May 2017 until approximately February 2018, prior to announcing his ultimately-successful 2018 Senate candidacy. First OGC Rep., J.A. at 98–101. ECU filed an administrative complaint—a Matter Under Review ("M.U.R.") in FEC terminology—in April 2018 alleging violations of FECA, M.U.R 7370, J.A. at 3, followed by a second M.U.R. that September, M.U.R. 7496, *id.* at 60.

The first complaint, M.U.R. 7370, made three broad allegations, all of which are derived from the alleged failure of Governor Scott to timely file as a federal candidate. First, ECU alleged that Governor Scott became a candidate in May 2017 but failed to register until April 2018, violating his obligation to register as a candidate. M.U.R. 7370, J.A. at 6. Second, ECU alleged that the fact that the Scott Campaign begin reporting financial data to the FEC in May 2017 violated the Scott campaign's independent obligations to file financial disclosures between May 2017 and April 2018. *Id.* at 6–7. Third, ECU alleged that NRP violated the provisions of the FEC prohibiting the solicitation, directing, or spending of funds outside the limitations of the Act by soliciting and expending funds in support of Scott's Senate campaign beginning in May 2017 when Scott became Chair and before he had announced his Senate bid. *Id.* at 6–7.

ECU filed a second complaint with the FEC in September 2018. M.U.R. 7496, J.A. at 60. That complaint, M.U.R. 7496, alleged that NRP made illegal, in-kind contributions to the Scott Campaign in the form of paid television advertisements that aired in May and June 2018. *Id.* at 63–64. According to ECU, these constituted impermissible "coordinated communications" prohibited under 52 U.S.C. § 30116(a). *Id.* at 63.

The FEC Office of the General Counsel ("OGC") investigated ECU's allegations. The OGC issued a recommendation to the FEC stating that there was "reason to believe" that Scott had failed to timely register as a candidate and recommended further investigation into that issue and related violations. First OGC Rep., J.A. at 106. The OGC also assessed ECU's allegations of impermissibly coordinated communications but found "no information available suggesting that Scott was specifically involved in or requested" the television advertisements. *Id.* at 117. Instead, the OGC found that ECU relied on the "mere temporal relationship between when Scott left his position as Chair of New Republican and when New Republican aired the advertisements" to establish an inference that Scott's had caused NRP to act. *Id.* Relying on a sworn affidavit by NRP's executive director disavowing any involvement by Scott or his campaign in NRP's decision to air the advertisements, OGC found insufficient evidence to support that allegation and recommended the FEC take no action. *Id.* at 115–18.

After reviewing the OGC's recommendations, the FEC voted whether to investigate ECU's allegations. The Commission deadlocked 3-3, which, per FEC regulations, resulted in the FEC taking no action. Certification, J.A. at 155, 157. As required under our Circuit Court's precedents, the three Commissioners who voted against an enforcement action issued a Statement of Reasons explaining the Commission's decision not to act. Statement of Reasons of Vice Chair Allen Dickerson and Commissioners Sean J. Cooksey and James E. "Trey" Trainor III ("Statement of Reasons"), J.A. at 166. The Statement expressly relied on the FEC's prosecutorial discretion to decline to pursue the three allegations related to Scott's alleged failure to timely file as a candidate. *Id.* at 175. In assessing the factual

basis for that allegation, the Commissioners emphasized that ECU's allegations "implicat[ed] only one of the five discretionary and non-exclusive factors that might raise a potential question as to candidate status." *Id.* at 172. The FEC also declined to investigate the allegations of coordinated communications, citing the OGC's finding of insufficient evidence to establish a reason to believe a violation had occurred. *Id.* at 170 n.25.

ECU then filed this action, seeking to vacate the FEC's decision dismissing the underlying complaints as arbitrary and capricious pursuant to 52 U.S.C. § 30109(a)(8)(A). *See* Compl. ¶¶ 53–56. The FEC has failed to defend its decision in this proceeding, but I granted NRP leave to intervene as a defendant, s*ee* Minute Order of Nov. 2, 2021, and NRP timely moved to dismiss, *see* Corrected Mot. to Dismiss ("Mot. to Dismiss") [Dkt. # 22].[1] ECU then filed a motion for default and summary judgment, *see* Pl.'s Mot. for Default J., Or, in the Alternative, Summ. J. ("ECU's Mot. for Summ. J.") [Dkt. # 23], and NRP cross-moved for summary judgment, *see* Intervenor-Def.'s Combined Resp. in Opp. to Pl.'s Mot. for Default J., Or, in the Alternative, Summ. J. and Cross-Mot. for Summ. J. ("NRP's Cross-Mot.") [Dkt. # 27]. These motions have been fully briefed. *See* Pl.'s Mem. of Ps. and Auths. in Opp. to New Republican PAC's Corrected Mot. to Dismiss [Dkt. # 25]; Reply in Support of Intervenor-Def.'s Renewed Mot. to Dismiss Pl.'s Compl. [Dkt. # 29]; Pl.'s Combined Mem. of P.'s and Auths. in Opp. to New Republican PAC's Cross-Mot. for Summ. J. and Reply in Support of Pl.'s Mot. for Default J. or, in the Alternative, Summ. J. ("ECU's Reply") [Dkt. # 30]; Reply in Support of Intervenor-Def.'s Cross-Mot. for Summ.

---

[1] NRP also filed a Motion to Dismiss on November 2, 2021. *See* Mot. to Dismiss [Dkt. # 14]. That motion is denied as moot in light of NRP's Corrected Motion to Dismiss.

7

J. ("NRP's Reply") [Dkt. # 32]. The parties jointly filed the underlying administrative record. *See generally* J.A. [Dkt. # 33]. Finally, ECU filed a notice of supplemental authority regarding two recent decisions by our Circuit Court, *see* P.'s Notice of Suppl. Auth. [Dkt. # 34], to which NRP filed a response, *see* Def. New Republican PAC's Resp. to Pl.'s Notice of Suppl. Auth. [Dkt. # 35].

## LEGAL STANDARD

This case comes before the Court on cross-motions for summary judgment. When evaluating cross-motions for summary judgment, "the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. Summary judgment is also appropriate where, as here, review is on the administrative record." *Select Specialty Hosp.-Bloomington, Inc. v. Sebelius*, 774 F. Supp. 2d 332, 338 (D.D.C. 2011) (quotations and citation omitted); *see also* Fed. R. Civ. P. 56(a).

A court's review of a decision by the FEC to dismiss a complaint is limited in scope. "A court may not disturb a Commission decision to dismiss a complaint unless the dismissal was based on an 'impermissible interpretation of the Act . . . or was arbitrary or capricious, or an abuse of discretion.'" *Common Cause v. FEC,* 108 F.3d 413, 415 (D.C. Cir. 1997) (quotation omitted). "In this deferential inquiry, [the Court] ask[s] only whether the Commission's decision was 'sufficiently reasonable to be accepted.'" *Campaign Legal Ctr., et al. v. FEC*, 952 F.3d 352, 357 (D.C. Cir. 2020) (quoting *FEC v. DSCC*, 454 U.S. 27, 39 (1981). Moreover, if the FEC bases its decision to dismiss on its prosecutorial

8

discretion, even in part, then a court is precluded from reviewing that decision. *CREW v. FEC*, 993 F.3d 880, 889 (D.C. Cir. 2021). The proper remedy is to dismiss such claims for lack of subject matter jurisdiction. *See, e.g.*, *End Citizens United PAC v. FEC*, No. 21-cv-1665, 2022 WL 1136062 at *3 (D.D.C. Apr. 18, 2022) (Kelly, J.); *CREW v. Am. Action Network*, No. 18-cv-945, -- Fed. Supp. 3d --, 2022 WL 612655, at *7–8 (D.D.C. Mar. 2, 2022) (Cooper, J.).

## DISCUSSION

### I.    ECU's standing to challenge the FEC decisions

A person has standing to challenge the dismissal of a complaint by the FEC if the Commission's action deprives the person of information to which it is entitled and on which the person relies. *FEC v. Akins*, 524 U.S. 11, 20–21 (1998). NRP does not dispute that the Scott Campaign did not disclose information on the Campaign's fundraising and expenditures prior to January 1, 2018. And ECU's well-pleaded complaint supports an inference that Scott became a candidate at some point in 2017. Compl. ¶¶ 34–42. If true, Scott's failure to file disclosures, either contemporaneously or after the fact, deprived ECU of information to which it was entitled by law and that would be relevant to its work. *Akins*, 524. U.S. at 20–21. NRP's arguments to the contrary notwithstanding, ECU has standing to challenge the FEC's dismissal of its complaints because it suffered an informational injury.

ECU also has standing to challenge the FEC's decision to dismiss the complaint related to alleged coordinated contributions. ECU specifically alleges that NRP expended

funds on paid media advertisements in May and June 2018 in coordination with the Scott campaign. Compl. ¶¶ 41-42. NRP argues that it has disclosed all its expenditures covering those months, so ECU cannot identify any information to which it is entitled that has not already been disclosed. *See* Mot. to Dismiss at 15–25; NRP's Cross-Mot. at 20–21. But a recent decision issued by our Circuit Court squarely forecloses NRP's argument: a rival PAC has standing to challenge FEC dismissal of a complaint alleging coordinated contributions by a super PAC, even where that PAC had filed reports of its expenditures, because the complainant is entitled to a disaggregated breakdown of how much of the spending was made in coordination with the rival campaign. *Campaign Legal Ctr., et al., v. FEC, et al.*, 31 F.4th 781, 783–84 (D.C. Cir. 2022). NRP's disclosures did not identify which expenditures, if any, were made in coordination with the Scott campaign, so ECU, which competes with NRP in the context of Florida elections, Compl. ¶¶ 16–18, has standing to challenge NRP's failure to disclose that information. NRP, of course, disputes that *any* payments were made in coordination with the Scott campaign, but ECU's allegations to the contrary are sufficient to establish standing.

## II.   ECU's challenges to the FEC's decision fail

While ECU has standing to challenge the FEC's decision not to investigate its complaints related to the timing of Scott becoming a candidate and NRP's alleged expenditures outside the confines of the Act, the FEC's decision to invoke its prosecutorial discretion in declining to investigate those claims is an absolute bar to this Court granting ECU the relief it seeks. Furthermore, for the following reasons, the FEC acted reasonably

in relying on the OGC's finding there was no reason to believe a violation occurred in dismissing ECU's allegations of coordinated communications. As such, NRP is entitled to summary judgment on all claims.

### A.    The FEC's decision to dismiss M.U.R. 7370 is an unreviewable exercise of prosecutorial discretion

Under our Circuit Court's precedent, the FEC's reliance on prosecutorial discretion to dismiss a complaint, even in part, divests a reviewing court of jurisdiction to second-guess the FEC's decision. *CREW*, 993 F.3d at 889. That the FEC did just that in this case is dispositive of ECU's claims raised in its first complaint, M.U.R. 7370.

In its Statement of Reasons explaining its decision to dismiss ECU's complaints, the FEC expressly "exercised [its] prosecutorial discretion" in dismissing ECU's allegations that Scott had failed to timely report as a candidate and that NRP impermissibly spent money on his behalf during the time period in which Scott should have been bound by FEC regulations. Statement of Reasons, J.A. at 175. The decision not to investigate whether Scott had failed to timely register as a candidate precludes any finding that NRP violated the law by making expenditures in support of his candidacy before it was officially announced because those restrictions only apply *after* a person becomes a federal candidate. 52 U.S.C. §§ 30102(e)(1), 30116(f), 30118(a), 30125(e)(1)(A). The Statement of Reasons stated as much, noting that "if Scott was not a candidate, then there can be no soft money violation." Statement of Reasons, J.A. at 172. The FEC's exercise of its prosecutorial discretion to decline to investigate the timing of the announcement of Scott's candidacy and related violations that flow from the timing of that announcement is an

11

absolute bar to this Court's exercise of jurisdiction over a challenge to the FEC's decision. *See CREW*, 993 F.3d at 889. Therefore, the Court must grant NRP's motion for summary judgment on this claim and dismiss ECU's complaint as to all allegations raised in M.U.R. 7370 for lack of subject matter jurisdiction.

ECU raises four counterarguments in an effort to avoid the inexorable logic of the holding in *CREW*. First, ECU argues that the FEC's exercise of prosecutorial discretion with respect to some claims does not preclude this Court from reviewing other claims. Second, ECU claims that the FEC did not actually exercise its prosecutorial discretion. Third, ECU argues that the FEC's decision rested on erroneous legal reasoning. And finally, ECU attempts to portray the FEC's invocation of prosecutorial discretion as pretextual. None are either persuasive or dispositive. How so?

ECU's first two arguments can be resolved in short order. First, ECU is correct that the FEC's exercise of prosecutorial discretion as to one claim does not divest this Court's review of a separate claim. The FEC did not exercise its prosecutorial discretion in dismissing the coordinated communication claim. Therefore, I will address that claim on the merits, below. *See infra*, pt. II.B. Second, ECU's argument that only a four-Commissioner majority may exercise the FEC's power of prosecutorial discretion cannot be reconciled with our Circuit Court's requirement that the Statement of Reasons filed by the deciding Commissioners reflect the basis for the FEC's action. *See Common Cause*, 842 F.2d at 449. It is beyond dispute that the FEC chose not to act in this case, and that the Statement of Reasons expressly referenced the FEC's prosecutorial discretion in deciding on that course of action. That is sufficient!

12

Nor does ECU's third argument that the FEC relied on erroneous legal reasoning carry the day. ECU argues that Scott's subjective intent is irrelevant in determining whether he is a candidate subject to the Act. *See* ECU's Reply at 16–18. But that isn't the case, as the FEC explained in an advisory opinion issued in 2015: a person does not become a candidate for federal office until and unless he or she "makes a private determination that he or she will run for federal office." FEC Advisory Op. 2015-09 (Nov. 13, 2015). Further, the inherent difficulty of assessing Scott's subjective intent was only one of multiple factors the controlling Commissioners cited in exercising their prosecutorial discretion, alongside limited agency resources and a "substantial backlog of cases." Statement of Reasons, J.A. at 175. ECU has identified *no* legal error underlying that assessment—nor could it.

Finally, ECU argues that the FEC's invocation of prosecutorial discretion was pretextual and therefore cannot shield the underlying decision from review. *See* ECU's Mot. for Summ. J. at 44–45; ECU's Reply at 19–20. ECU may be correct as a matter of law that a review court may disregard pretextual reasons proffered by the FEC to reach the merits of a contested decision. *See, e.g., Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573–76 (2019). But the Court need not resolve that question, because ECU has failed to show that the FEC's offered rationale *was* pretextual in this case. ECU asserts without basis that the controlling Commissioners "reached a substantive conclusion on the merits that the Candidacy Filing allegations did not warrant a reason-to-believe finding, then retroactively applied the prosecutorial discretion rational to justify that decision." ECU's Mot. for Summ. J. at 44. But ECU provides no evidence to support that conclusory allegation. Courts have long recognized "the general unsuitability for judicial review of

13

agency decisions to refuse enforcement." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *see also CREW*, 993 F.3d at 884. ECU's disapproval of the FEC's decision as a policy matter is insufficient to overcome that presumption here.

### B.    The FEC's decision to dismiss the challenge to alleged coordinated communications was reasonable

This Court can exercise jurisdiction over ECU's challenge to the FEC's dismissal of its coordinated communications complaint, M.U.R. 7496, because the FEC did not cite its prosecutorial discretion in dismissing ECU's complaint regarding that claim. However, FEC acted reasonably in dismissing ECU's complaint alleging coordinated communications, so NRP is entitled so summary judgment on that claim.

Courts vacate FEC decisions to dismiss complaints only if the decision is "contrary to law." 52 U.S.C. § 30109(a)(8)(C). An FEC decision is "contrary to law" "if (1) the FEC dismissed the complaint as a result of an impermissible interpretation of the Act …, or (2) if the FEC's dismissal of the complaint, under a permissible interpretation of the statute, was arbitrary or capricious, or an abuse of discretion." *Orloski*, 795 F.2d at 161. "In this deferential inquiry, we ask only whether the Commission's decision was 'sufficiently reasonable to be accepted.'" *Campaign Legal Ctr.*, 952 F.3d at 357 (quoting *DSCC*, 454 U.S. at 39). In this case, it was.

ECU seeks to minimize the import of OGC's recommendation to take no action with respect to the allegations of coordinated communications. *See* ECU's Mot. for Summ. J. at 35. But that fact is critical. OGC investigated this particular allegation and found no reason to believe that any violation had occurred. First OGC Rep., J.A. at 115–16. More

14

precisely, OGC found that ECU had alleged *no* facts to suggest that "Scott shared strategic campaign information with New Republican or that Scott requested that New Republican create the advertisement." *Id.* at 117. Instead, ECU relied on the fact that Scott had previously chaired NRP to infer illegal coordination. *Id.* But the OGC credited an affidavit by NRP's executive director, Blaise Hazelwood, flatly denying any communication or coordination with the Scott campaign. *Id.* After weighing the evidence presented by both ECU and NRP, OGC found that ECU's allegation failed to meet the conduct standard under 11 C.F.R. § 109.21(a) and therefore recommended no action. *Id.* at 115–16.

The FEC expressly adopted OGC's reasoning with respect to the allegations of coordinated communication. Statement of Reasons, J.A. at 170 n.25. The FEC further explained its decision by noting that the reporting on which ECU relied to draw the inference of coordinated communications "came from an outside organization and were not premised on whistleblower testimony or any other sworn statement from someone with direct, personal knowledge." *Id.* at 174 n.45. ECU has identified no reason why the FEC should have discounted Ms. Hazelwood's sworn testimony in favor of those third-party allegations. ECU argues that the FEC could not reasonably rely on the Hazelwood affidavit as a basis to dismiss its allegations, relying in large part on the fact that Hazelwood only assumed her role at NRP in February 2018 and so was unable to speak to violations alleged to have occurred before that time. ECU's Reply at 22. But, for the reasons already stated, the *only* complaint over which this Court has jurisdiction is ECU's allegation that NRP impermissibly coordinated with the Scott Campaign in airing television advertisements in May and June 2018. It was reasonable of the FEC to rely on her affidavit to assess those

15

allegations.   As such, I have little difficulty in determining the Commission acted reasonably in relying on the Hazelwood affidavit and adopting OGC's interpretation as to the weight of that evidence.   "Because the controlling commissioners' reliance on the General Counsel's recommendation and analysis of the relevant statutory provisions was 'sufficiently reasonable to be accepted,' [I] will not disturb their decision." *Campaign Legal Ctr.*, 952 F.3d at 358 (quoting *DSCC*, 454 U.S. at 39).

ECU suggests that the FEC erred as a matter of law because it dismissed the coordinated communication complaint on the grounds that the Commission declined to pursue the complaint that Scott had failed to timely file as a candidate, despite the lack of a logical nexus between those claims.   *See* ECU's Mot. for Summ. J. at 35–36; ECU's Reply at 20–24.   Unfortunately for ECU, that isn't what the Statement of Reasons says. The footnote on which ECU relies in making that argument does *not* refer to the coordinated communication allegations; instead it relates to the allegations that Scott (and NRP) violated the law by raising and spending soft money, failing to timely report, and failing to timely file a statement of organization for his candidate committee.   Statement of Reasons, J.A. 167 n.2.   The controlling Commissioners were correct, both logically and as a matter of law, in noting that "All of *those* allegations would have required, at a minimum, a threshold finding that Scott had failed to file a statement of candidacy at the appropriate time, or that New Republican had violated the soft money rules." *Id.* at 167 n.2 (emphasis added).   The FEC's dismissal of the coordinated communication allegations contained in M.U.R. 7496, on the other hand, was predicated on the lack of evidence identified by ECU. *Id.* at 170 n.25; *id.* at 174; *see also* First OGC Rep. at 115–16.   For the reasons discussed

16

above, that decision does not reflect an impermissible interpretation of the statute, and it was reasonable. Therefore, it must be upheld. *See Campaign Legal Ctr.*, 952 F.3d at 357.[2]

## CONCLUSION

For the reasons given above, the Court lacks subject-matter jurisdiction to review the FEC's decision to dismiss plaintiff ECU's allegations premised on the untimely registration as a federal candidate. Further, the Court finds that the FEC's decision to dismiss ECU's allegation of impermissibly coordinated expenditures reasonable. Accordingly, defendant-intervenor New Republican PAC's cross-motion for summary judgment [Dkt. # 27] will be **GRANTED**, plaintiff End Citizen United's motion for default judgment or summary judgment [Dkt. # 23] will be **DENIED**, and New Republican PAC's motion to dismiss [Dkts. ## 14, 22] will be **DENIED AS MOOT**. An Order consistent with this Memorandum Opinion will issue on this date.

RICHARD J. LEON
United States District Judge

---

[2] ECU's motion for default judgment must also be denied. Default judgment against the government is only appropriate if the plaintiff "establishes [his] claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d); *see also Campaign Legal Ctr. v. FEC*, 334 F.R.D 1, 7 (D.D.C. 2019) (Boasberg, J.) (denying motion for default judgment by plaintiff in light of defendant-intervenor's defense of FEC's decision to dismiss complaint). ECU cannot make that showing, because, as already explained, this Court lacks jurisdiction over ECU's first complaint and the FEC acted reasonably in dismissing the second.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **END CITIZENS UNITED PAC,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Case No. 21-2128 (RJL)** |
| | ) | |
| **FEDERAL ELECTION COMMISSION,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **NEW REPUBLICAN PAC,** | ) | |
| | ) | |
| **Defendant-Intervenor.** | ) | |

## ORDER

September ____, 2022 [Dkts. ## 14, 22, 23, 27]

For the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby

**ORDERED** that Defendant-Intervenor's Motion to Dismiss [Dkt. # 14] and Corrected Motion to Dismiss [Dkt. # 22] are **DENIED as MOOT**; it is further;

**ORDERED** that Plaintiff's Motion for Default Judgment, or, in the Alternative, for Summary Judgment [Dkt. # 23] is **DENIED**; it is further

**ORDERED** that Defendant-Intervenor's Cross-Motion for Summary Judgment [Dkt. # 27] is **GRANTED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge